## GLEN FALLS INDEMNITY CO v KIRKPATRICK

Ohio Appeals, 2nd Dist, Greene Co

No 372. Decided Nov 23, 1932

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

Marshall & Marshall, Xenia, for defendant in error.

KUNKLE, J.

Under the circumstances above narrated, is the plaintiff in error liable upon the bond so given?

Counsel agree substantially upon the facts in the case but differ as to the legal propositions governing such facts.

We have considered the very helpful briefs of counsel with care but shall not attempt to review the various authorities discussed therein. It will not be necessary for us to do so as these authorities were largely cited during the oral argument of the case and are reviewed in the briefs of counsel. Neither shall we attempt to quote at length from the sections of the Code involved in this controversy. These sections were read and discussed at length both in the oral argument and are reviewed in the briefs.

We shall merely announce the conclusion at which we have arrived after a consideration of the sections of the Code involved and the briefs of counsel.

Briefly, however, §6373-35 GC provides

"Such bonds shall be conditioned upon the faithful observance of all the provisions of this act and shall also indemnify any person who may be damaged by failure on the part of the applicant for a real estate broker's license to conduct his business in accordance with the requirements of this act. Any person claiming to have been damaged by any misrepresentation **or fraud** on the part of the real estate broker or by reason of the violation of the terms of this act may maintain an action at law against the broker making such representations or perpetrating **such fraud or violating the provisions of this act** and may join as parties defendant, the sureties on the bonds

herein provided for."

From a consideration of the provisions of the Code and the authorities cited we are of opinion that the deposit of a binder with a real estate broker as provided in the contract of sale entered into between the parties herein falls within the provisions of the Code referred to and renders the real estate broker's bond liable for the proper application of the money so deposited with him as such binder for the performance of the contract entered into by the buyer and seller. From our consideration of the various sections of the Code relating to this subject we cannot escape the conclusion that the misconduct of Long as such real estate broker falls within the provisions of §6373-35 **GC** and kindred sections of the Code.

We are also of opinion that the Longs defalcation did not occur until March 1, 1931. That is the date fixed by the parties for the completion of the contract. The $500 in question was not to be applied until that time and neither of the parties to the contract could have required the payment of this sum until that date. That was the date fixed by the contract for his accounting. Upon that date the bond of the plaintiff in error was in full force and effect and we think the bond is liable for the defalcation of the said Long.

We have considered all of the errors urged by counsel for plaintiff in error in their brief, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.